UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDI MOHAMMED UMAR,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>T. JUSTINO, ET AL.,<br><br>　　　　　　　Defendants. | Case No. 5:22-cv-00427-FWS-ADS<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE [7]** |

**I.     Introduction and Relevant Procedural History**

Before the Court is the Magistrate Judge's Report and Recommendation issued on December 8, 2022 (the "Report and Recommendation"), (Dkt. 7), regarding the civil rights complaint (the "Complaint") filed by Plaintiff Abdi Mohammed Umar ("Plaintiff"). The Complaint alleges a First Amendment violation by federal officials under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against Defendant T. Jusino, Defendant T. Ruda, Defendant James Huffman, Defendant Chaplain A. Richards, and Defendant Global Foods (collectively, "Defendants"). (Dkt. 1.) Based on the state of the record, as applied to the applicable law, the Court adopts the Report and Recommendation, including each of the findings of fact and conclusions of law therein.

On March 7, 2022, Plaintiff filed the Complaint. (Dkt. 1.) In summary, the Complaint alleges his First Amendment right to the free exercise of religion was violated when Defendants served him products containing pork in his "Suhar" breakfast meal bag. (Dkt. 1 at 4.)

On December 8, 2022, the Magistrate Judge issued the Report and Recommendation. (Dkt. 7.) On January 3, 2023, Plaintiff filed an "Objection Notice" to the Report and Recommendation ( "Plaintiff's Objection Notice"). (Dkt. 9.)

**II.    Analysis**

"A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) (stating "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to," and "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions"). Proper objections require "specific written objections to the proposed findings and recommendations" of the magistrate judge. Fed. R. Civ. P. 72(b)(2). "A judge of the court shall make a de novo determination of

those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."). Where no objection has been made, arguments challenging a finding are deemed waived. *See* 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). Moreover, "[o]bjections to a R&R are not a vehicle to relitigate the same arguments carefully considered and rejected by the Magistrate Judge." *Chith v. Haynes*, 2021 WL 4744596, at *1 (W.D. Wash. Oct. 12, 2021).

In the Report and Recommendation, in summary, the Magistrate Judge made multiple recommendations, including the following: (1) "[D]ismissing the action for failure to state [a]claim pursuant to 28 U.S.C. §1915A(b)(1)" and (2) "[D]enying Plaintiff leave to amend." (Dkt. 7 at 10.) In Plaintiff's Objection Notice, Plaintiff stated, "I the Petitioner/Injured Party **DO NOT CONSENT** to the NOTICE OF FILING REPORT AND RECOMMENDATION by Magistrate judge Autumn D. Spaeth, filed 12/8/2022. (Dkt 9. at 1.) Plaintiff also cited several cases in Plaintiff's Objection Notice and asserted that "I the Petitioner/Injured Party is Requesting that This Honorable Court Grant the Petitioner/Injured Party His Relief Requested under His Civil Rights Action." (*Id.*)

In this case, after conducting a *de novo* review of Plaintiff's Objection Notice on its merits with regard to the Report and Recommendation, the Court agrees with each of the findings of fact and conclusions of law set forth in the Report and Recommendation, including the recommendations (1) "dismissing the action for failure to state [a] claim pursuant to 28 U.S.C. §1915A(b)(1)" and (2) "denying Plaintiff leave to amend." Accordingly, Plaintiff's Objection Notice is **OVERRULED** on its merits.

In sum, pursuant to 28 U.S.C. § 636, the Court has reviewed the record, including the Report and Recommendation, the Complaint, Plaintiff's Objection Notice, and the other records of the case. After conducting a *de novo* determination of the portions of the Report and Recommendation to which Plaintiff's Objection Notice pertains, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge.

### III.  Conclusion

Based on the state of the record, as applied to the applicable law, the Court adopts the Report and Recommendation, including each of the findings of fact and conclusions of law therein. Accordingly, the Court **ORDERS** the following:

(1)  Plaintiff's Complaint (Dkt. 1) is **DISMISSED FOR FAILURE TO STATE A CLAIM, WITHOUT LEAVE TO AMEND**.

(2)  Judgment is to be entered accordingly.

DATED: January 23, 2023

_____
Hon. Fred W. Slaughter
UNITED STATES DISTRICT JUDGE